IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DONEY PRESTON MATHIS, | : |
| Petitioner, | : |
| VS. | :     1 : 11-CV-178 (WLS) |
| GLEN JOHNSON, Warden, | : |
| Respondent. | : |

**ORDER and RECOMMENDATION**

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his Decatur County convictions for armed robbery, possession of a firearm during the commission of a crime, and felony obstruction. (Doc. 1). Petitioner was indicted by a Decatur County grand jury in November 2005 and was convicted on all charges following a jury trial in November 2006. Petitioner was sentenced as a recidivist to consecutive terms of life without parole on each of the two (2) armed robbery counts, five years consecutive for the firearm conviction, and one year concurrent for the obstruction conviction. Petitioner's convictions and sentences were affirmed on direct appeal. *Mathis v. State*, 299 Ga. App. 831, 684 S.E.2d 6 (2009).

Petitioner filed a state habeas corpus petition in Gwinnett County in April 2010. Following an evidentiary hearing, the state habeas court denied relief by final order dated April 22, 2011. The Georgia Supreme Court dismissed Petitioner's application for a certificate of probable cause to appeal on October 17, 2011, as Petitioner had failed to file a Notice of Appeal of the habeas decision denying relief. Petitioner's motion for reconsideration of the order dismissing the

application for a certificate of probable cause to appeal was denied on November 7, 2011. Petitioner executed this federal habeas Petition on December 8, 2011, and filed an Amendment and Supplement through counsel.

## **Factual Background**

This Court is "bound under 28 U.S.C. ▪ 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner Ashall have the burden of rebutting the presumption of correctness by clear and convincing evidence.@ 28 U.S.C. ▪ 2254(e)(1). The Anti-Terrorism and Effective Death Penalty Act of 1996 (AAEDPA@ thus retains the statutory presumption of correctness that is to be afforded state courts=factual findings. *Id.* Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the Georgia Court of Appeals, said findings are hereby adopted as follows:

> [T]he evidence shows that on August 4, 2005, Sheree Dean and Susan Hand were working as bank tellers at the Family Bank in Decatur County. At 8:50 a.m., Dean and Hand, who were inside the bank preparing for the 9:00 a.m. opening, observed a man – later identified as Jean Fortie – walk up to the entrance and look through the door into the bank. At approximately 9:10 a.m., Mathis and Waller entered the bank, running. Waller had a stocking on his face, and Mathis was in the process of pulling a stocking over his head. Mathis, who was brandishing a gun, yelled, "give me the money, give me the goddam [sic] money. I want all the money." Both men were standing at the counter, and Mathis hit the counter and repeatedly instructed Dean to "hurry up". . . . the men took approximately $7,400 in cash from the bank. Waller and Mathis also took $50 from a bank customer. The two men then ran out of the bank and down a dirt road behind the bank. . . . Police apprehended Mathis in the same general area the following day; Mathis was in possession of $7,144 in cash.

*Mathis*, 299 Ga. App. at 831-832.

### Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id*. at 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'"

3

*Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court=s adjudication of his claims was Acontrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.@ 28 U.S.C. ' 2254(d).  In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act (AAEDPA@) case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts.  *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. ' 2254(d).

### *Due process claim: competency*

In a portion of Ground 3, as amended, the Petitioner alleges that the trial court violated his due process rights by not addressing *sua sponte* Petitioner's competency to stand trial.  (Doc. 17). Respondent submits that Petitioner arguably raised this issue on direct appeal.

The Court finds initially that the Georgia Court of Appeals did issue an "adjudication on the merits" of the Petitioner's claim that the trial court erred in not inquiring into the issue of his competency.  The Respondent concedes that the Petitioner presented this claim to the Georgia Court of Appeals.  (Doc. 18-1, p. 4).  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011).  "Therefore, unless the state court clearly

states that its decision was based solely on a state procedural rule, we will presume that the state court has rendered an adjudication on the merits when the petitioner's claim is the same claim rejected by the state court." *Childers v. Floyd*, 642 F.3d 953, 968-69 (11th Cir. 2011) (citing *Harrington*, 131 S.Ct. at 784-85).

As in *Childers*, the state court of appeals herein did not apply a procedural bar to Petitioner's claim regarding the trial court's failure to *sua sponte* inquire into Petitioner's mental compentency, "and we may therefore presume that the court rendered an 'adjudication on the merits'" as to this claim. *Childers*, 642 F.3d at 969; *see also Jason O. Williams v. Allen*, 598 F.3d 778, 796 (11th Cir. 2010) ("A decision that does not rest on procedural grounds alone is an adjudication on the merits regardless of the form in which it is expressed.").

In regard to the trial court's not inquiring into the Petitioner's competency, the Georgia Court of Appeals found that:

> [a]t a pre-trial hearing held on June 13, 2008, Mathis's attorney stated that the mental evaluation of Mathis – which was ordered by the trial court on April 25, 2006 – had not been completed. As a result, he was not prepared to announce ready for trial. The trial court advised that it had granted Mathis a continuance during the previous term of court because the evaluation had not been completed and that it had specifically instructed counsel for Mathis that he was responsible for ensuring that the evaluation was completed before the next term of court. The trial court therefore stated that it would not continue the trial.
>
> It is well settled that "a motion for continuance is addressed to the sound discretion of the trial judge, and the refusal to grant a continuance will not be disturbed by the appellate courts unless it clearly appears that the judge abused his discretion in this regard." Here, counsel for Mathis was clearly instructed to ensure that the evaluation was completed, and he failed to do so. Further, Mathis fails to point to any evidence in the record demonstrating that he was incompetent, and we have found none. Under these

> circumstances, we hold that the trial court did not abuse its
> discretion in refusing to continue the trial for the completion of
> Mathis's competency evaluation and no basis for reversal.

*Mathis*, 299 Ga. App. at 838.

"Due process requires that an adequate hearing be held on competency when the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial . . . When a court has a 'bona fide doubt' as to a defendant's competence, it must *sua sponte* conduct a hearing on his competence to stand trial." *Fallada v. Dugger*, 819 F.2d 1564, 1568 (11th Cir. 1987) (quoting *Pate v. Robinson*, 383 U.S. 375, 385 (1966)).  Thus, "the standard for determining whether a trial court violates the Due Process Clause by failing to conduct an inquiry into a defendant's competency to stand trial . . . is whether the objective facts known to the trial court at the time create a bona fide doubt as to mental competency." *Wright v. Sec'y. for the Dep't. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).  The Court must focus on three factors in evaluating whether a trial court has violated a defendant's due process rights in failing to inquire into his competency:  1) evidence of the defendant's irrational behavior; 2) the defendant's demeanor at trial; and 3) prior medical opinions issued regarding the defendant's competency. *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995).

It does not appear, nor has Petitioner shown, that the state appellate court's decision in this matter was contrary to or an unreasonable application of federal law.   There is no indication that the trial court had before it any evidence calling into question the defendant's competency, and the Georgia Court of Appeals noted that "Mathis fails to point to any evidence in the record demonstrating that he was incompetent, and we have found none". *Mathis*, 299 Ga. App. at 838. As pointed out by the Respondent, the Petitioner does not identify any evidence, known to the

6

trial court, of irrational behavior, demeanor or prior medical opinions bringing into question the Petitioner's competency. The mere fact that a request for a competency hearing had been granted, without more, does not establish that the trial court had before it facts creating a bona fide doubt as to Petitioner's competency. *Tiller v. Espositio*, 911 F.2d 575, 576 (11th Cir. 1990) (analysis as to whether trial court violated due process rights focuses on what the trial court knew regarding Petitioner's competency at the time of the trial or hearing). The Georgia Court of Appeals' decision that the trial court did not err in failing to inquire into Petitioner's competency is not contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable under the facts of this case. Therefore, Petitioner's contention that the trial court erred in failing to *sua sponte* inquire into Petitioner's competency and thereby denied Petitioner due process will not support the granting of habeas relief herein.

*Procedurally defaulted claims*

In Grounds 1, 2, and a portion of Ground 3 of the Petition, the Petitioner raises claims of ineffective assistance of counsel, which were raised in his state habeas petition and decided adversely to Petitioner on the merits. However, the Respondent submits that these grounds are procedurally defaulted, as Petitioner failed to properly raise the grounds in an application for a certificate of probable cause to appeal filed in the Georgia Supreme Court. Petitioner failed to file a Notice of Appeal of the denial of his state habeas petition prior to seeking an application for a certificate of probable cause to appeal to the Georgia Supreme Court, causing his application for a certificate of probable cause to be denied. (Doc. 20-4).

Under Georgia law,

> [i]f an unsuccessful [habeas] petitioner desires to appeal, he must file a written application for a certificate of probable cause to

>appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court. The Supreme Court shall either grant or deny the application within a reasonable time after filing. In order for the Supreme Court to consider fully the request for a certificate, the clerk of the concerned superior court shall forward, as in any other case, the record and transcript, if filed. The clerk of the concerned superior court need not prepare and retain and the court reporter need not file a copy of the original record and a copy of the original transcript of proceedings. The clerk of the Supreme Court shall return the original record and transcript to the clerk of the concerned superior court upon completion of the appeal if the certificate is granted. If the Supreme Court denies the application for a certificate of probable cause, the clerk of the Supreme Court shall return the original record and transcript and shall notify the clerk of the concerned superior court and the parties to the proceedings below of the determination that probable cause does not exist for the appeal.

O.C.G.A. § 9-14-52(b).

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to properly raise the claim, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Cause for a procedural default exists "where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . 'impeded [his] efforts to comply with the State's procedural rule.'" *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488). In general, mistakes made by a prisoner's postconviction attorney that amount to negligence do not qualify as "cause". *Coleman*, 501 U.S. at 753. "The 'cause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy*, 953 F.2d at 1258.

"A pro se petitioner is not exempted from the cause and prejudice requirement . . . [and] [h]e must still show either that an objective factor external to himself caused him to default his claim, or that the defaulted claim raises an issue that was intrinsically beyond [a] pro se petitioner's ability to present. A petitioner's failure to act or think like a lawyer cannot be cause for failing to assert a claim since he has no constitutional right to counsel during habeas corpus proceedings. . . [A]bsent a constitutional guarantee to counsel, a state prisoner – whether counseled or not counseled – must accept responsibility for his procedural default. " *Id.* (internal citations omitted).

In an attempt to establish cause, the Petitioner herein asserts that he mistakenly filed a Notice of Appeal using the case number for his mandamus action, filed in an effort to bring about a decision on his state habeas petition, rather than filing a Notice of Appeal in his state habeas petition. (Doc. 19). Petitioner maintains that he included the substance of his appeal in the Notice, providing the clerk with enough information to establish that Petitioner was appealing the Final Order in his habeas action. *Id.*

9

The Petitioner herein filed a Notice of Appeal in the Superior Court of Gwinnett County, but did so in Civil Action No. 10-A-08610-4, the number assigned to his mandamus action, rather than in his state habeas proceeding under Civil Action No. 10-A-03674-4.  (Doc. 19-1, Exh. A).  The Respondent maintains that the Clerk informed the Petitioner by letter dated May 11, 2011 that no final order had been entered on the date indicated by the Petitioner in Civil Action No. 10-A-08610-4 (the mandamus action), and thus, there was no order corresponding to the Notice of Appeal as filed.  Petitioner first admits and then denies ever having received this letter.  (Doc. 23; Doc. 26).   Petitioner does admit that he received the final order in his mandamus action, dismissing that action on March 29, 2011.  Petitioner also received the final order in his state habeas action, dated April 22, 2011, denying relief in Civil Action No. 10-A-03674-4.  Petitioner mistakenly filed his Notice of Appeal in the mandamus action, although he clearly had been provided notice of two separately proceeding actions, and that a final order had been entered in his habeas action under Civil Action No. 10-A-03674-4.  (Doc. 19-2, Exh. B; Doc. 19-1).

Although the Petitioner attempts to label the mistake as one made by the Clerk in failing to provide the Petitioner with notice that he had been granted IFP status in his mandamus action and that the mandamus action was proceeding separately, Petitioner was clearly provided with notice of the two separate actions proceeding with two separate civil action numbers.  The order dismissing Petitioner's mandamus action clearly sets out that Petitioner's habeas action was proceeding under a separate civil action number, that the two proceedings were separate and distinct, and provides that "the Court finds that this petition for mandamus relief is moot.  The above-styled mandamus action is hereby DISMISSED."  (Doc. 19-2, Exh. B).  Petitioner had received this order dismissing the mandamus, dated March 29, 2011, prior to receiving the Final

10

Order dismissing his habeas petition, dated April 22, 2011, and prior to his filing of a Notice of Appeal, which he dated April 30, 2011.

The mistake in filing under the wrong civil action number was attributable only to the Petitioner, and as such does not establish cause to excuse his procedural default. "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *Alderman v. Zant*, 22 F.3d 1541, 1551 (11th Cir. 1994). Herein, even if the Court presumes that the superior court clerk failed to inform the Petitioner that his mandamus action was proceeding, this lack of notice did not prevent Petitioner from raising his claims in a properly filed Notice of Appeal, as he was provided notice of the two separately proceeding actions in the orders dismissing both the mandamus and the habeas action. *See Blackburn v. Wolfe*, 2009 WL 1117351 (S.D.Ohio) (cause not established for procedural default based on petitioner's failure to include a date-stamped copy of the court of appeals' decision in filing notice of appeal; alleged failure of clerk to send petitioner a time-stamped copy was not an objective factor that was not attributable to the petitioner). A litigant's "*pro se* status[, and his] ignorance of the law and procedural requirements for filing a timely notice of appeal fail[] to demonstrate sufficient cause to excuse his procedural default." *Id.* at *4.

The Petitioner has not established cause and actual prejudice to excuse the procedural default of this claim, nor has he established a fundamental miscarriage of justice if his claims are not heard. "In an extraordinary case, where a petitioner cannot show cause and prejudice, a federal court may still consider a procedurally defaulted claim if it determines that a fundamental miscarriage of justice has probably occurred. A fundamental miscarriage of justice can be said to

11

have occurred when a court finds that a constitutional violation has resulted in the conviction of someone who is actually innocent . . . [and] the exception is only available upon a showing of 'actual innocence'." *Alderman*, 22 F.3d at 1552. As the Petitioner has made no showing of actual innocence, he is not entitled to a finding of a fundamental miscarriage of justice herein.

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief, **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

Petitioner's Motion to Stay Proceedings Due to Governmental Interference is hereby **DENIED** as moot. (Doc. 24).

**SO ORDERED and RECOMMENDED**, this 25th day of September, 2012.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE