**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DONEY PRESTON MATHIS, | : |
| Petitioner, | : |
| v. | : CASE NO.: 1:11-CV-178 (WLS) |
| GLEN JOHNSON, Warden, | : |
| Respondent. | : |

# ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed March 7, 2012. (Doc. 27.) Judge Langstaff recommends that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied as to all grounds. The Petition alleges three grounds for relief:

> **Ground 1:** Counsel was ineffective in conceding Petitioner's guilt without consulting with the Petitioner.
>
> **Ground 2:** Counsel was ineffective in failing to object to the erroneous jury instruction that led to a conviction based on a manner not alleged in the indictment.
>
> **Ground 3:** Counsel was ineffective in failing to secure Petitioner's competency evaluation and the trial court violated Petitioner's due process rights by failing to *sua sponte* address this issue.

(Docs. 1, 17.) As to the portion of Ground 3 alleging that the trial court violated Petitioner's right to due process when it did not allow a continuance for a competency evaluation, Judge Langstaff concluded that Petitioner has not shown that the state appellate court's decision in this matter was contrary to or an unreasonable application of federal law. Specifically, Judge Langstaff noted that there is no indication that the

1

trial court had before it any evidence calling into question Petitioner's competency, and the Georgia Court of Appeals observed that Petitioner failed to point to any evidence in the record demonstrating that he was incompetent and the Court found none. Regarding the ineffective-assistance-of-counsel claims in Grounds 1, 2, and 3, Judge Langstaff found that Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard. The procedural default arose because Petitioner did not raise these grounds in an application for a certificate of probable cause to appeal filed in the Georgia Supreme Court. Petitioner contends that he filed his Notice of Appeal using the case number for his mandamus action that was filed in an effort to bring about a decision on his state habeas petition. After a review of the facts surrounding the filing of Petitioner's Notice of Appeal, Judge Langstaff concluded that the mistake in filing under the wrong civil action number was attributable only to the Petitioner, and as such, does not establish cause to excuse his procedural default. Accordingly, Judge Langstaff recommends denying Petitioner's habeas petition on the basis that none of the grounds raised therein support a grant of federal habeas relief. Finally, Judge Langstaff recommends that Petitioner be denied a certificate of appealability.

On October 2, 2012, Petitioner, through his counsel, timely filed his objections to Judge Langstaff's Recommendation. (Doc. 28.) Therein, Petitioner raised three objections. The Court will address each of these in turn.

In Objection 2,[1] Petition objects to Judge Langstaff's finding that the state court was under no obligation to *sua sponte* inquire into Petitioner's competency. Notably, without citation to authority, Petitioner asserts that "[c]ourt observations alone cannot detect what *must have been a reasonable request* by counsel in the first place otherwise why request a competency why request a competency evaluation at all." (Doc. 28 at 3.) This Court construes this statement as asserting that mere request of defense counsel for a competency hearing is supposed to impute a "bona fide doubt" as to defendant's competency to stand trial that rises to the level of a due process violation. Petitioner has provided no legal basis to support such an assertion and has further pointed to no evidence demonstrating that Petitioner was incompetent aside from essentially alleging that the request for a competency hearing speaks for itself. The Court finds this assertion to be insufficient for the purpose of showing that Petitioner's due process rights were violated when the trial court did not *sua sponte* inquire into Petitioner's competency. Therefore, this Objection is overruled.

In Objection 3 and in portions of Objections 1 and 2, Petition objects to Judge Langstaff's finding that his ineffective-assistance-of-counsel claims are procedurally defaulted.[2] Per Petitioner, his failure to file his Notice of Appeal should be excused because he was *pro se* at the time he attempted the filing. According to Petitioner, the substance of his Notice of Appeal should be determinative, not the fact that he did not

---

[1] Objection 1 concerns Judge Langstaff's conclusion that Petitioner's ineffective-assistance-of-counsel claims are procedurally defaulted. Petitioner did not, however, lodge any substantive objection to this finding until Objection 3. Accordingly, the Court will address Objection 1 in tandem with Objection 3 below.

[2] Technically, in Objection 1, Petitioner asserts that Judge Langstaff's Recommendation failed to address trial counsel's concession of guilt and failure to object to the jury instruction. The Recommendation, however, makes clear that Judge Langstaff did indeed address Petitioner's ineffective-assistance-of-counsel claims as to both of these issues when he found them to be inexcusably procedurally defaulted. Therefore, even if the Court were not in agreement with Judge Langstaff's Recommendation as to the inexcusable procedural default as to the ineffective-of-assistance claims, Objection 1 would still be overruled.

3

file it in connection with his state habeas petition. For the following reasons, the Court finds that this Objection is overruled.

Notably, Judge Langstaff already pointed out that the facts reflect that Petitioner had sufficient information at his disposal to ensure that his Notice of Appeal was filed in the right case. Thus, Petitioner's attempt to shift the blame to the clerk for the purpose of showing cause is misplaced here. After noting that "[c]ause for a procedural default exists 'where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . 'impeded [his] efforts to comply with the State's procedural rule," Judge Langstaff found that Petitioner's mistake was attributable only to Petitioner, and as such does not establish cause to excuse his procedural default. (Doc. 27 at 9) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). On these facts, the Court concurs in Judge Langstaff's conclusion. Contrary to Petitioner's assertion, whether cause exists does not turn on whether he was represented or not in this instance. Rather, here, cause turns on whether Petitioner was able to point to some external factor that prevented him from properly filing his Notice of Appeal—he cannot. Therefore, while the failure to file a pleading under the correct case number could otherwise be considered a minor error in some instances, when that pleading is a rights-preserving notice of appeal, such failure cannot be ignored merely because Petitioner believes the harm sustained far outweighs the magnitude of the error.

Upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 27) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254 is **DENIED**.  The Court further **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

    **SO ORDERED**, this  4th  day of October, 2013.

                                      /s/ W. Louis Sands  
                                      **THE HONORABLE W. LOUIS SANDS,**  
                                      **UNITED STATES DISTRICT COURT**